**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 AUG 22  PM 3: 32

DEPUTY CLERK___NT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. **3:14-CR-** |
| NOREEN E. WATSON | **3 - 14 CR - 3 2 9 - N** |

## PLEA AGREEMENT

Noreen E. Watson (the defendant), Brandon W. Barnett, the defendant's attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant**:   Watson understands that she has the rights

    a.      to plead not guilty;

    b.      to have a trial by jury;

    c.      to have her guilt proven beyond a reasonable doubt;

    d.      to confront and cross-examine witnesses and to call witnesses in her defense; and

    e.      against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:   Watson waives these rights and pleads guilty to the offense alleged in Count Two of the Information, charging a violation of 18 U.S.C. § 1030(a)(2), that is, accessing a computer without authorization and in excess of authorized access and thereby obtaining information from a department or agency of the United States. Watson understands the nature and elements of the crime to

which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3.   **Sentence**:  The maximum penalties the Court can impose include:

    a.   imprisonment for a period not to exceed one year;

    b.   a fine not to exceed $100,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.   a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment.  If Watson violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.   a mandatory special assessment of $25.00;

    e.   restitution to victims or to the community, which may be mandatory under the law, and which Watson agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.   costs of incarceration and supervision; and

    g.   forfeiture of property.

4.   **Court's sentencing discretion and role of the Guidelines**:   Watson understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.   Watson has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Watson will not be allowed to withdraw her plea if her

sentence is higher than expected.  Watson fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory special assessment**:    Prior to sentencing, Watson agrees to pay to the U.S. District Clerk the amount of $25.00, in satisfaction of the mandatory special assessment in this case.

6.     **Defendant's agreement**:  Watson shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Watson shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.  Watson expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.  Watson fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation.  Watson understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8.      **Government's agreement**:   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend to the Court that it sentence Watson to a term of Probation, in addition to any fine and/or restitution imposed by the Court.  The government will not bring any additional charges against Watson based upon the conduct underlying and related to the defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  The government will dismiss, after sentencing, any remaining charges in the pending information.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Watson or any property.

9.      **Violation of agreement**:   Watson understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Watson for all offenses of which it has knowledge.  In such event, Watson waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Watson also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

10.     **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**:  Watson waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence.  She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Watson, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.     **Representation of counsel**: Watson has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation.  Watson has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement.  Because she concedes that she is guilty, and after conferring with her lawyer, Watson has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 22 day of July 2014.

SARAH R. SALDANA
UNITED STATES ATTORNEY


NOREEN E. WATSON
Defendant

PAUL YANOWITCH
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street, Third Floor
Dallas, Texas
Telephone:   214.659.8618
Facsimile:   214.659.8805
paul.yanowitch@usdoj.gov


:


BRANDON W. BARNETT
Attorney for Defendant

JENNIFER TOURJE
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

NOREEN E. WATSON
Defendant

7/22/14
Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

BRANDON W. BARNETT
Attorney for Defendant

7/22/14
Date